MEMORANDUM **
George Johnson, a California state prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. 1983 action alleging prison officials violated his First Amendment right to exercise his religion freely. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.
The record shows that Johnson’s grievance was rejected as untimely for failure to submit an appeal at the first formal level within the requisite fifteen working days. See Cal.Code Regs. tit. 15 § 3084.5(c), 3084.7(a)(2). Therefore, Johnson failed to exhaust prison administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 88, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (“[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.”).
We construe the district court’s judgment to be without prejudice. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003) (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal without prejudice). Johnson’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.